[No. 7,274.—Department Two.]

## FREDERICA BAUDER *v.* JEREMIAH TYRREL.

NEW TRIAL—NOTICE OF INTENTION.—It is unnecessary for the notice of intention to move for a new trial to contain in terms a notice of intention to move that the decision should be vacated.

ID.—DISCRETION OF COURT—CONFLICT OF EVIDENCE.—The trial Court may grant a new trial on conflicting evidence, and this rule applies to the Superior Court passing upon a motion for a new trial in a case tried in the District Court.

| 59 | 99 |
| 79 | 407 |
| 59 | 99 |
| 94 | 168 |
| 95 | 215 |
| 59 | 99 |
| 96 | 31 |
| 59 | 99 |
| 103 | 679 |

APPEAL from an order granting a new trial in the Superior Court of Alameda County. REDMAN, J.

*A. E. Castello* and *R. L. McKee*, for Appellant.

*C. A. & C. Tuttle*, for Respondent.

MYRICK, J.:

This is an action brought by a married woman against the defendant, a Sheriff, to recover personal property. The defense is that the property belonged to plaintiff's husband, and was seized for his debt. The Court below, a District Court, gave judgment for plaintiff. A motion for new trial was made, which was heard before the Superior Court of the County, the successor of the District Court, and was granted. The notice of the motion did not state that the defendant would move to have the decision vacated, neither did the order granting the new trial state in terms that the decision was vacated. The plaintiff appealed from the order.

1. The section regarding the notice of motion for new trial

(Code Civ. Proc., § 659) does not require that the notice shall in terms contain a notice of motion that the decision should be vacated. The order granting a new trial does of itself vacate the decision. That must be its necessary effect; for, how can there be a new trial if the former decision stands? (*Fulton* v. *Hanna*, 40 Cal. 278; *Wittenbrock* v. *Bellmer*, 57 Cal. 12.

2. The point is made that as there was a conflict in the evidence, and the District Court rendered judgment, the Superior Court could not reverse that judgment; invoking the rule applicable in this Court, that this Court will not review the evidence where there is a substantial conflict.

The incorrectness of invoking this rule is in mistaking the functions of the trial Court and of the Court of review. The trial Court decides as to the facts, the Court of review (in this State) as to questions of law only. The Superior Court in considering the motion for new trial was in the place of, and was the same as, the District Court; it had the facts under review. If the District Judge before whom the case was tried had heard the motion for new trial, and had then been of opinion that he had given credence to testimony which he subsequently became satisfied was not entitled to credit, this Court would not review his decision. (*Altschul* v. *Doyle*, 48 Cal. 535; *Macy* v. *Davila*, id. 646.)

It may be doubted if, upon the testimony of the plaintiff herself, she is entitled to judgment; but we do not decide that question.

Order affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.