[No. 14244.   Department One.'— August 12, 1891.]

MARTIN O'CONNELL ET AL., RESPONDENTS, v. MAIN AND TENTH STREETS HOTEL COMPANY, APPELLANT.

NEW TRIAL — NOTICE OF INTENTION — SUFFICIENCY OF CONTENTS — EFFECT OF STIPULATION AS TO STATEMENT. — A notice that the defendant "intends to and will move this court to set aside the decision and judgment heretofore rendered, entered, and made in said cause," setting out as grounds relied on for the motion three of the grounds for new trial specified in section 657 of the Code of Civil Procedure, and stating that the motion will be made upon a statement of the case, is sufficient as a notice of intention to move for a new trial; and where the respondents' attorneys stipulated to give the defendant further time "within which to prepare and serve his statement on motion for a new trial," they cannot object that they were misled by the form of the notice.

FINDINGS — RELATION TO PLEADINGS — EVIDENCE UNOBJECTED TO. — A finding will be held within the issues, if the pleadings, though too general and indefinite, might include the matter found, and evidence was received without objection which sustains the finding.

Appeal — Objection for First Time. — An objection to evidence which might have been obviated by amendment in the court below cannot be interposed for the first time upon appeal.

Building Contract — Breach by Owner — Measure of Damages — Loss of Profits — Expenditures. — Where a contractor agreed to perform certain work and furnish certain materials for the construction of a building, and after furnishing a portion of the materials the owners of the building failed to resume work upon the building, or to receive any further material from the contractor, the latter may recover not only the profits he would have made by performance, but is also entitled to recover for expenditures made in preparing to do the work.

Id. — Payment of Expenditure after Commencement of Suit — Compromise with Employee. — The fact that money paid to an employee of the contractor, whose work was stopped, was paid after suit brought against the owner of the building for breach of the contract, and that the owner of the building had no contract with the employee, and was not consulted as to the settlement, does not affect the contractor's right to recover for the expenditure incurred, where it appears that the compromise was a reasonable one, and the settlement was advantageous to the owner of the building.

Id. — Amount of Recovery — Appeal — Error not Appearing from Record — Affirmance of Judgment. — Where the building contract was for a lump sum, and there is nothing in the record upon which to base an estimate of the value of specific materials contracted for, or the cost of performance and the profits, and the evidence shows what would probably have been the profits arising from a full performance of the contract, and the recovery is for a less sum than the estimate given, the judgment will be affirmed.

Appeal from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion.

*Stephen M. White*, for Appellant.

The contract being a contract to deliver personal property, the measure of damages is the excess, if any, of the amount due from the buyer, under the contract, over the value to the seller, together with the excess, if any, of the expenses properly incurred in carrying the property to market, over those which would have been incurred for the carriage thereof if the buyer had accepted it, and in no case can plaintiffs recover for expenditures made in preparing to do their work. (Civ. Code, sec. 3358; *Haines* v. *Tucker*, 50 N. H. 307; *Gordon* v. *Nor-*

*ris*, 49 N. H. 376; *Thompson* v. *Alger*, 12 Met. 443; *Williams* v. *Jones*, 1 Bush, 627; *Fell* v. *Muller*, 78 Ind. 512; *Camp* v. *Hamlin*, 55 Ga. 259; *McNaught* v. *Dodson*, 49 Ill. 446; 2 Sutherland on Damages, 359, and note; *Whitmore* v. *Coats*, 14 Mo. 9; *Danforth* v. *Walker*, 40 Vt. 257; *John A. Roebling's Sons Co.* v. *Lockstitch Fence Co.*, 130 Ill. 660.)

*Finlayson & Finlayson*, for Respondents.

The plaintiffs are entitled to the profits which they might have made upon that part of the contract which remained to be performed, as well as to recover damages on account of the preparations necessary to commence the work, which damages are the cost of such preparations, less their value. (Civ. Code, sec. 3300; *Durkee* v. *Mott*, 8 Barb. 425–427; *Dillon* v. *Anderson*, 43 N. Y. 231, 237; *Chicago* v. *Greer*, 9 Wall. 726, 732; *Wilson* v. *King Co. E. R. R. Co.*, 114 N. Y. 487; *Upstone* v. *Weir*, 54 Cal. 126; *U. S.* v. *Behan*, 110 U. S. 338. See 2 Sutherland on Damages, 522; *Taylor Mfg. Co.* v. *Hatcher Mfg. Co.*, 39 Fed. Rep. 440.)

Temple, C. — This action is based upon two contracts, and the complaint contains two counts or causes of action. The first is upon an account stated for materials furnished, and as to it no question is raised.

The second cause of action arises upon a contract by which plaintiffs agreed to perform certain work, according to the plans and specifications, and furnish certain materials for the construction of a hotel which defendant was then building at Los Angeles, and for which defendant agreed to pay forty thousand dollars. Plaintiffs were to manufacture and deliver at the building all the iron-work required above the basement.

After plaintiffs had furnished a small portion of the material contracted for, defendant became embarrassed and asked for delays, and finally failed to resume work upon the proposed hotel, or to receive any further ma-

terial from plaintiffs. Plaintiffs, at the request of defendant, suspended work, and now sue for damages resulting from a breach of the contract.

Plaintiffs recovered judgment, and the defendant moved for a new trial. It is objected that the court had no jurisdiction to entertain the motion, because, as plaintiffs claim, no notice of intention to move for a new trial was given. The notice given was, that defendant " intends to and will move this court to set aside the decision and judgment heretofore rendered, entered, and made in said cause, upon the following grounds, to wit." Then follow three of the grounds set out in section 657 of the Code of Civil Procedure, to wit: Insufficiency of the evidence to justify the findings and decision herein, and that they were against law; errors in law; and newly discovered evidence. It also states that the motion will be made upon a statement of the case, bill of exceptions, and affidavits, as defendant may be advised.

A motion for a new trial is a special proceeding within the case, and I agree with respondent that the court has no jurisdiction to entertain the motion, unless the notice of intention is given substantially as prescribed. The objection to this notice is, that it does not formally give notice that a new trial will be asked for. But if it does distinctly and unmistakably give that information, it must be held sufficient, and I think it does. Notice is given that defendant will move to set aside the *decision.* I do not think of any case in which such motion is mentioned in the Practice Act, except for the purpose of a new trial. There might be a motion to vacate a judgment upon various grounds; but could any attorney imagine such a motion based upon the ground of insufficiency of the evidence, or errors at law occurring at the trial, or for newly discovered evidence, and made upon a statement of the case, unless it were a motion for a new trial under the statute authorizing and requiring these things?

And respondents' attorneys were not misled, since they stipulated giving further time to defendant "within which to prepare and serve its statement on motion for a new trial." The objection cannot be sustained.

In their second cause of action, plaintiffs claim not only general damages for the breach of the contract, i. e., the profits they would have made by performance, but certain special damages which they aver they have suffered in consequence of the breach. These are: 1. For iron base-plates delivered, $981.50; 2. For expense in making patterns, flasks, and other iron-work, to enable them to perform their contract, $1,500; and 3. For money paid one Isaacs, who had been employed to make certain wrought-iron girders, and had commenced their manufacture, as damages, $1,500.

As to the first item, there is no controversy.

The expense incurred for patterns, flasks, and other iron-work was found by the court to be, certain patterns, flasks, and an *oven,* which were necessary to enable plaintiffs to perform their contract; that they cost $1,600, and are worth to the plaintiffs not to exceed $150; damage of plaintiffs, of $1,450.

It is objected that the finding does not correspond with the pleadings; the oven is not mentioned in the complaint. The phrase "other iron-work" is undoubtedly too general and indefinite, but it cannot be said that it would not include the oven. In the connection in which this phrase is used, it does not imply that the other iron-work referred to must necessarily be composed of iron. The patterns are not of iron, nor are the flasks, which are the wooden frames in which the molds are made. If that be the sense, there would be nothing to justify the use of the word "other." The evidence as to the cost of the oven came in without objection. Had an objection been interposed, there probably would have been an amendment. It does not seem fair to allow the objection, when interposed now for the first time.

Appellant, however, contends that in no case can plaintiffs recover for expenditures made in preparing to do their work. It contends that it is a breach of a buyer's agreement to accept and pay for personal property; that the detriment upon the breach of such contract is prescribed by section 3311 of the Civil Code, and is the excess of the amount due from the buyer over the value to the seller, with the expense of carrying to market.

But this is unnecessary liberality on the part of the defendant. This rule would give plaintiffs forty thousand dollars, less the value of the material as scrap-iron at Los Angeles. If this rule be supplemented by section 3358 of the Civil Code, we have just the rule adopted by the court.

But the case is not that of a seller of personal property, either on hand or to be manufactured. Upon receiving notice that defendant would not proceed with the contract, plaintiff stopped the manufacture of the articles contracted for. They have not the material on hand, therefore, and their detriment is not estimated under section 3311 of the Civil Code. Plaintiffs do not gain more than they would had the contract been fully performed. In such case they would have received the cost of production and profits. They have received such costs as they have actually incurred, and the profits they would have made.

The item of fifteen hundred dollars paid Isaacs is objected to because it was paid after suit brought, and because defendant had no contract with Isaacs, and was not consulted as to the settlement. The testimony showed that Isaacs had commenced the manufacture of the wrought-iron girders called for in the contract, and, when defendant declined to go on with the work, was notified by plaintiffs to stop work. He did so, but demanded compensation for work done. This was arranged at fifteen hundred dollars, but was paid after suit brought. The evidence shows that the compromise was a reasonable

one, and that had Isaacs insisted upon going on with the work, defendants would have been chargeable with some ten thousand dollars' worth of material, which, as it turned out, it did not want. The settlement was advantageous to defendant.

The greatest difficulty in mastering the facts of this case here comes from the assumption of the parties and the court below that by the contract a value was placed upon specific portions of the materials contracted for. The contract is for a lump sum, and if there was any mode by which it could be ascertained what the contract price of the base-plates was, or of the wrought-iron or steel, or the cast-iron, or what profits plaintiffs would have made upon any specific portion of the work, the basis is studiously kept out of the record. The complaint does not state the value of the base-plates furnished, or the cost of production, but states that $981.50 is the contract price. Apparently, there was no contract price for them. In the evidence, it appears that this price included a profit of $270. Their cost, therefore, was $981.50, less $270.

The same assumption that the profits were capable of being apportioned is carried into the computations showing the cost of performance and the profits. The allegation is only as to the cost of performing that part of the contract which they were precluded from performing, and the profits which they would have made upon full performance of that part of the contract which they were prevented from performing.

Apparently there was not, and could not have been, any possible mode of ascertaining the profits so as to determine what profits they would have made upon such performance. But the evidence does show what would probably have been their profits upon full performance of the whole contract, and the amount recovered seems less than they would have been entitled to.

The contract and its breach are sufficiently alleged.

The trouble, if any, arises from adopting a wrong construction of the contract in setting out in detail the source of their damages, but as no objection is urged here upon this ground, the parties may have had some means, with which we are not furnished, of understanding the process.

I think the judgment and order should be affirmed.

BELCHER, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.