[S. F. No. 6345. Department One.—March 9, 1914.]

## C. N. HOOVER, Respondent, v. HENRY M. WOLFE and MARY C. WOLFE, Appellants.

NEW TRIAL—NOTICE OF INTENTION—FORMAL SUFFICIENCY.—A notice stating the intention to move the court "to vacate and set aside the judgment rendered in the above entitled cause, and to grant a new trial in said cause, upon the following grounds," specifying four grounds defined in section 657 of the Code of Civil Procedure as grounds for a new trial, is sufficient as a notice of intention to move for a new trial, notwithstanding it is directed against the *judgment* rather than the decision.

ID.—SUFFICIENCY OF COMPLAINT OR FINDINGS TO SUPPORT JUDGMENT—APPEAL.—The sufficiency of the complaint or findings to support the conclusions of law or the judgment based thereon cannot be

CLXVII Cal.—22

considered on a motion for a new trial or on an appeal from an order denying the same.

SALE—ACTION TO ENFORCE PAYMENT OF PURCHASE PRICE—TENDER BY SELLER—DEPOSIT IN ESCROW.—In an action by a seller to enforce the payment of the price of certain shares of stock which the defendants had agreed to purchase and to pay for on or before a specified date, a finding that an offer to transfer and deliver the stock had been made and refused is sustained by evidence that the seller, with the acquiescence of the purchasers, had deposited the indorsed certificates of stock in escrow with a designated bank to be delivered to the purchasers upon payment, and that they had refused to take the stock upon the expiration of the escrow period, when notified that it was in such bank and ready for delivery upon payment of the price.

ID.—TENDER TO ONE OF TWO JOINT CONTRACTORS.—A tender by the seller to and refusal by one of two persons who have jointly contracted to purchase is a tender to and refusal by both.

APPEAL from an order of the Superior Court of Santa Clara County refusing a new trial. J. R. Welch, Judge.

The facts are stated in the opinion of the court.

R. C. McComish, William R. Biaggi, and William A. Bowden, for Appellants.

John P. Fitzgerald, and George W. Waldorf, for Respondent.

SLOSS, J.—On September 26, 1907, the plaintiff entered into a written agreement with the defendants whereby he agreed to "sell and convey" to the defendants three thousand shares of the capital stock of the Pacific Coal, Clay and Oil Company, for the sum of three thousand dollars, on or before the 26th day of September, 1909." The defendants agreed, by the same writing, to buy said three thousand shares for the sum of three thousand dollars, and promised and agreed to pay to plaintiff "for said three thousand shares of stock, the sum of three thousand dollars on or before the 26th day of September, 1909." The writing also contained an agreement on the part of the defendants to pay plaintiff reasonable attorneys' fees if he should be compelled to bring suit for the collection of the three thousand dollars.

This action was brought to enforce the payment of the purchase price. After setting forth the contract, the complaint alleges "that plaintiff has duly performed all of the conditions of said contract to be performed by him to this time and has been constantly and now is ready and willing, and prior to the institution of this suit, offered to transfer and deliver to defendants the stock referred to in said agreement upon compliance with the terms of said contract as herein set forth, but defendants would not accept said stock and refused to pay said money." The further allegations relate to the stipulation for attorneys' fees, concerning which no question is raised on this appeal. The answer raises no issue with regard to the making of the contract. It denies the other allegations of the complaint, and pleads affirmatively the cancellation of the contract by an executed oral agreement.

The court found in favor of the averments of the complaint and against the affirmative defense set up in the answer. Judgment for the plaintiff for three thousand dollars, with one hundred and fifty dollars attorneys' fees and costs, followed. The defendants made a motion for a new trial, which was denied. They appeal from the order denying their said motion. There is no appeal from the judgment.

The respondent makes a preliminary objection to the consideration of the appeal on the ground that there was no sufficient notice of intention to move for a new trial. The notice stated that defendants intended to move the court "to vacate and set aside the judgment rendered in the above entitled cause, and to grant a new trial in said cause, upon the following grounds . . . " (specifying four grounds defined in section 657 of the Code of Civil Procedure as grounds for a new trial). The point made is that the notice of motion is directed against the *judgment,* rather than the decision. A notice in the form of the one here given was held to be radically defective in *Sawyer* v. *Sargent,* 65 Cal. 259, [3 Pac. 872]. (See, also, *Little* v. *Jacks,* 67 Cal. 165, [7 Pac. 449].) But the contrary ruling was made in *Locke* v. *Moulton,* 96 Cal. 21, 30, [30 Pac. 957], where the court said that *Sawyer* v. *Sargent* had been virtually overruled by *O'Connell* v. *Main etc. Hotel Co.,* 90 Cal. 515, [27 Pac. 373]. We are satisfied that the later cases declare the correct rule. In the first place, the notice stated that motion for a new trial be made. This is all

that is required by the statute. (*Bauder* v. *Tyrrel,* 59 Cal. 99; *Heinlen* v. *Heilbron,* 71 Cal. 557, [12 Pac. 673].) The statement that the moving party would ask to have the judgment vacated was unnecessary, and may be treated as surplusage. (*Locke* v. *Moulton,* 96 Cal. 21, [30 Pac. 957].) Besides, the grounds of motion were such as are applicable only to a motion for new trial, and the statement of such grounds sufficiently apprised the adverse party of the nature of the relief to be asked. (*O'Connell* v. *Main etc. Hotel Co.,* 90 Cal. 515, [27 Pac. 373].)

The appellants construe the complaint as alleging merely a tender of the stock, and not an actual transfer of it. The findings followed the language of the pleading in this particular. There is a general averment of full performance by the plaintiff, but this is followed and qualified by the statement of a tender and offer.

Taking this view of the situation, the appellants contend that plaintiff did not allege, nor did the court find, facts from which, as matter of law, the conclusion that plaintiff was entitled to recover three thousand dollars could be drawn. The contract, it is argued, was not one by which title to the shares of stock agreed to be "conveyed" vested in the purchasers immediately, or at any time prior to an actual delivery of the certificates. Accordingly, the measure of damages for the breach of the agreement was not the price agreed to be paid, but "the excess, if any, of the amount due from the buyer under the contract over the value to the seller. . . . " (Civ. Code, sec. 3311.) Here there was neither averment nor proof that the shares of stock retained by the plaintiff were without value, or that they were worth less than the amount agreed to be paid. There was no allegation or finding that plaintiff had suffered damage in any stated amount.

If the correctness of this line of argument be conceded, the appellants are in no position to take advantage of the point made. In substance, they are contending that neither the complaint nor the findings support the conclusions of law or the judgment based thereon. But such an attack, it is thoroughly settled, cannot successfully be made by means of a motion for a new trial or an appeal from an order denying a new trial. (*Swift* v. *Occidental M. Co.,* 141 Cal. 165, [74 Pac. 700]; *Kaiser* v. *Dalto,* 140 Cal. 169, [73 Pac. 828];

*Sharp* v. *Bowie*, 142 Cal. 462, [76 Pac. 62] ; *Estate of Keating*, 162 Cal. 406, [122 Pac. 1079] ; *Foster* v. *Butler*, 164 Cal. 623, [130 Pac. 6].) The claim now under discussion might with propriety have been advanced on an appeal from the judgment, but, as has been pointed out, we have no such appeal before us.

We are therefore limited to a consideration of such points as could properly be made on the motion for new trial. One such point is the insufficiency of the evidence to support the findings.

Among the findings attacked by specification in the bill of exceptions is one that plaintiff has been and now is ready and willing, and before the commencement of the action offered, to transfer and deliver to defendants the stock referred to in the agreement upon compliance by defendants with the terms of said contract, but defendants refused to accept the stock or pay the money. There was testimony to the effect that plaintiff informed defendant Henry M. Wolfe that he would place the stock in escrow with a certain bank in San Francisco, and that said defendant had assented to this. Plaintiff did thereafter place the certificates, duly indorsed, in said bank, with instructions to deliver them to Wolfe upon payment. Wolfe was told what had been done. This was before the lapse of the two years' period specified in the agreement. On the day following the expiration of this period, plaintiff went to Wolfe and asked him if he were ready to take the stock, telling him it was in the bank and was ready for delivery upon payment of the money. Wolfe said he had been advised that he would not have to take the stock, and that he did not intend to take it unless he had to. On behalf of the defendants there was testimony which conflicted with what we have just set forth, but the trial court was, of course, warranted in accepting the version of plaintiff's witnesses. So accepting it, the finding that an offer to transfer and deliver the stock had been made and refused was fully justified. The statements of Wolfe were fairly to be interpreted as an absolute repudiation of liability under the contract, and a refusal, in any event, to accept the stock or pay therefor. Any objections to the mode of plaintiff's tender were capable of being obviated, if they had been pointed out. The failure to state them, and the refusal to accept the offer, constituted a waiver

on Wolfe's part of any such objections (Civ. Code, secs. 1496, 1501; *Kofoed* v. *Gordon,* 122 Cal. 314, [54 Pac. 1115]), if, indeed, the unqualified refusal to perform did not dispense with the necessity of any offer of performance by plaintiff. (Civ. Code, secs. 1440, 1515.)

So far, then, as defendant Henry M. Wolfe is concerned, the finding of a tender and refusal is fully supported. It is claimed, however, that there is no evidence of a tender to and refusal by his codefendant, Mary C. Wolfe. No showing of a separate offer to her was required. She was one of the parties to the agreement, and had bound herself, jointly with her husband, to purchase the stock and pay for it. An offer of performance may be made "to any one of two or more joint creditors." (Civ. Code, sec. 1488.) Thus, where two persons have entered into a joint contract to purchase land, a refusal by one of them to accept a deed tendered him pursuant to the contract relieves the vendor of any obligation to make a tender to the other. (*Carman* v. *Pultz,* 21 N. Y. 547; *Dawson* v. *Ewing,* 16 Serg. & R. (Pa.) 371; *Oatman* v. *Walker,* 33 Me. 67; *Prescott* v. *Everetts,* 4 Wis. 314.) The tender to and refusal by one of the joint contractors is a tender to and refusal by both.

No other points are made by the appellants.

The order appealed from is affirmed.

Angellotti, J., and Shaw, J., concurred.