[Civ. No. 5664. First Appellate District, Division One.—June 23, 1926.]

ROSE TRUITNER, etc., Respondent, v. CHARLES M. KNIGHT et al., Defendants; CLIFFORD TRUITNER, Appellant.

[1] New Trial—Notice of Intention—Sufficiency of.—The omission in the body of a notice of the words "for a new trial" after the words "intends to move the court" does not render the notice insufficient as a notice of intention to move for a new trial, where the notice is denominated "Notice of Intention to Move for a New Trial," and recites that the motion will be made by the affidavit and upon the minutes of the court, and the grounds of the motion are stated and apply only to a motion of this character.

(1) 29 Cyc., p. 936, n. 29, p. 937, n. 40.

MOTION to dismiss appeal from a judgment of the Superior Court of Fresno County. C. E. Beaumont, Judge. Motion denied.

The facts are stated in the opinion of the court.

Ford, Johnson & Bourquin and Carling & Cummings for Appellant.

G. Levin Aynesworth for Respondent.

TYLER, P. J.—Motion to dismiss appeal. The facts out of which the proceeding arises show that plaintiff, a minor of the age of twelve years, brought an action to recover damages against defendants for injuries suffered by her in an automobile accident.

The case came on regularly for trial before a jury. Plaintiff recovered a verdict in the sum of one thousand dollars. Thereafter defendant Truitner filed a certain notice in writing upon plaintiff which was expressly denominated in its heading as being "Notice of Intention to Move for New Trial." The notice reads as follows: "You and each of you will please take notice that the defendant Clifford

1. See 20 Cal. Jur. 161.

Truitner intends to move the court in the above entitled action on the following grounds, to wit: 1—Irregularity in the proceedings of the court, jury and adverse parties, by which defendant was prevented from having a fair trial. 2—Misconduct of the jury. 3—Accident and surprise which ordinary prudence could not have guarded against. 4—Newly discovered evidence, etc. 5—Excessive damages appearing to have been given under the influence of passion and prejudice. 6—Insufficiency of the evidence . . . 7—Errors in law . . . "

The notice further recited that it would be based upon affidavit and also upon the minutes of the court. Indorsed upon the notice was an admission of service by the attorney for the respondent in words and figures following: "Due service of the within notice of intention to move for New Trial and receipt of a copy thereof acknowledged this the 26th day of February, 1926."

[1] It will be noted that the words "for a new trial" are omitted from the context of the body of the notice itself. The motion was denied by operation of law, and an appeal was regularly taken. The contention of respondent in support of the motion to dismiss the appeal is that no notice of intention to move for a new trial was ever filed by reason of the omission of the words "for a new trial" in the body of the notice, an omission, it is claimed, which has the effect of completely nullifying the notice. The main question here presented is whether or not the notice as given was sufficient to satisfy the statutory requirement. There can be no question that the attorney for respondent was not misled or deceived concerning the object of the notice, and in fact he admits that he was not. He insists, however, that notwithstanding this fact, the statute demands a literal compliance with its terms, failing in which the notice is a mere idle act having no force or effect. In support of the motion we are cited by respondent to numerous cases involving the insufficiency of notices of appeal as being authority upon the question. No useful purpose would be subserved by a review or analysis of these decisions. It is sufficient to say with reference thereto that they present no analogy to the instant proceeding. The precise question here involved has received consideration by our supreme court. In the case of *O'Connell* v. *Main etc. Hotel Co.,* 90 Cal. 515 [27 Pac. 373],

the sufficiency of a notice of intention to move for a new trial was under consideration by that court. The objection to the notice was, as here, that it did not formally give notice that a new trial would be asked for. The notice recited that defendant "intends to and will move this court to set aside the decision and judgment heretofore rendered, entered and made in said cause," and it set out as a basis for the relief sought various grounds specified in the Code of Civil Procedure for a new trial. It also recited that the motion would be made upon a statement of the case. It further appeared that respondent's attorney had stipulated to give the defendant further time "within which to prepare and serve his statement on motion for a new trial." The notice was held to be sufficient as a notice of intention to move for a new trial. In discussing the case the court took occasion to say that notwithstanding the notice did not formally advise respondent that a new trial would be asked for, it distinctly and unmistakably gave that information. It was there pointed out that no possible case could be conceived where, under the ground stated, the motion could refer to any other relief except the granting of a new trial and that respondent's attorneys could not possibly be misled, since they stipulated giving further time to defendant to prepare and serve its statement on motion for a new trial. Precisely the same condition here obtains, and in addition thereto, the notice is much more explicit, for it is denominated "Notice of intention to move for a New Trial." It further recites that it will be made by affidavit and upon the minutes of the court, which recital further indicates the character of the notice. As in the O'Connell case the grounds of the motion are stated and they apply only to a motion of this character. No other conceivable motion could be bottomed upon these grounds.

As above indicated, counsel could not possibly have been deceived, and, in fact, he admits, as indeed he must, considering his acknowledgment of service, that he was not misled. As was said in *Anderson* v. *Standard Lumber Co.*, 60 Cal. App. 445 [213 Pac. 65], "the disposition of courts is to hear appeals upon their merits, and the sections of the code relating to the subject should be liberally construed with a view of promoting such purpose."

We are of the opinion that the notice so construed is amply sufficient to satisfy the statute. The record further shows that after the denial of the motion for a new trial by operation of law, appellant filed his notice of appeal within proper time.

The motion to dismiss the appeal is denied.

Cashin, J., and Knight, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 19, 1926.