[L. A. No. 11035. In Bank.—March 30, 1929.]

MARTHA E. MELVIN, Appellant, v. IDA M. CARL, Executrix, etc., et al., Respondents.

Robert F. Shippee and C. C. Caswell for Appellant.

Lucian J. Clarke for Respondents.

SHENK, J.—The respondents filed a motion to dismiss the appeal herein on the ground that the same was not taken within the time prescribed by law.

Judgment in the action was entered on July 23d, and notice of entry of judgment was served on July 27, 1928. Plaintiff served and filed her notice of intention to move for a new trial on August 1, 1928. The motion was noticed to be heard on September 26, 1928, and was called for hearing on that day. The motion was opposed on the grounds (1) that the notice of intention to move for a new trial was defective because it did not state whether the same would be made upon affidavits or the minutes of the court or both, as provided by section 659 of the Code of Civil Procedure; (2) that the motion was not set to be heard in compliance with subdivision (5) of rule XX of the rules regulating business of the superior court, effective August 1, 1928, which required that the motion shall be set for hearing not later than fifty days after service of notice of entry of judgment, and (3) that the memorandum of points and authorities required by said subdivision (5) of rule XX, as then in force, to be filed within ten days after the filing of the notice of intention to move for a new trial had not been filed. The trial court denied the motion for a new trial and on October 5, 1928, the plaintiff served and filed her notice of appeal.

The respondents contend that the grounds of opposition to the granting of the motion for a new trial made to the trial court are sufficient grounds for the dismissal of the appeal for the reason, as contended, that the requirements of the statute and rule are mandatory and unless complied with the trial court had no jurisdiction to entertain the motion; that the new trial proceedings therefore have not been duly initiated, and that the time within which the notice of appeal should have been filed was the sixty-day period, commencing from the entry of judgment, as provided by section 939 of the Code of Civil Procedure.

The third ground for the motion to dismiss the appeal is disposed of by our decision in the case of *Bellew* v. *Bellew* (L. A. No. 11106), *ante,* p. 769 [276 Pac. 573]. As to the second ground it will be noted that in the rule as

originally adopted and effective August 1, 1928, and as readopted (rule XIX, subdivision 4, effective February 1, 1929, and applicable only to counties having nine or more judges), no specific penalty was or is provided for failure to set the motion for hearing not later than fifty days after the service of notice of the entry of judgment. The obvious purpose of the rule is to have the motion for a new trial set down for hearing at a time sufficiently in advance of the expiration of the two months' period prescribed by section 660 of the Code of Civil Procedure to enable the trial judge properly to consider and act upon the motion and avoid a denial thereof by operation of law. The penalty plainly implied by the rule is that if the motion be not set down for hearing within the provided time, the noncompliance with the rule would operate as a good and sufficient reason or justification for the trial court to permit the motion to be denied by operation of law. In any event the failure to comply with the rule would not divest the trial court of jurisdiction to pass upon the motion at any time within the full two months' period.

The final ground urged for a dismissal of the appeal presents a more difficult problem. ▓▓ The effect of informalities and defects in a notice of intention to move for a new trial has frequently been considered by our appellate tribunals. (See *Hoover* v. *Wolfe,* 167 Cal. 337 [139 Pac. 794], and cases cited; *Hughes* v. *Alsip,* 112 Cal. 587, 590 [44 Pac. 1027]; *Truitner* v. *Knight,* 78 Cal. App. 508 [248 Pac. 702]; *Cormond* v. *United Railroads,* 41 Cal. App. 683 [183 Pac. 218]; 20 Cal. Jur., p. 178.) From an examination of the cases it will be seen that defects in the notice have often been held fatal on an appeal involving the ruling on the motion. Yet, so far as we have been able to ascertain, it has never been held that a defective or informal notice has had the effect of depriving the party intending, as here, in good faith to move for a new trial, of the right to delay the filing of his notice of appeal until after the termination of the new trial proceedings. We are aware that in the case of *O'Connell* v. *Main etc. Hotel Co.,* 90 Cal. 515, at page 518 [27 Pac. 373], the court declared itself in agreement with the contention of the respondent that the trial court had no jurisdiction to entertain the

motion for a new trial unless the notice of intention was given substantially as prescribed by the code. However, the notice of intention involved in that case was found to be sufficient. The declaration of the court on the question of jurisdiction was therefore not necessary to the decision. We incline to the view and therefore hold that if the notice of intention to move for a new trial be not substantially as prescribed by the statute, the proper course to be pursued is for the trial court either to deny the motion or to dismiss the proceedings. Such denial or dismissal would constitute a "termination in the trial court of the proceedings upon such motion" as contemplated by section 939 of the Code of Civil Procedure, and the time for filing notice of appeal would run from such denial or dismissal.

The motion is denied.

Richards, J., Preston, J., Curtis, J., and Waste, C. J., concurred.