[Civ. No. 13685. First Dist., Div. Two. Nov. 4, 1948.]

EVA E. MOORE et al., Appellants, v. ELIZABETH MOSHER et al., Respondents.

J. W. Jackson and Bergen Van Brunt for Appellants.

Norman S. Menifee for Respondents.

DOOLING, J.—Plaintiffs appeal from an adverse judgment. Plaintiffs entered into a contract to purchase a dress shop owned by defendant. The price was to be $2,300 plus the cost price of the goods on hand. Plaintiffs paid $1,300 on account and, the sale not having been consummated, they sued to recover back this amount pleading a common count for money had and received. Defendant answered and crosscomplained for damages. The trial court entered judgment denying any affirmative relief to either party.

The evidence was in sharp conflict, plaintiffs testifying that they refused to pay the balance of the purchase price because defendant did not furnish them with an intelligible inventory of the purchase price of the goods on hand supported by the invoices, and did not furnish a sales tax certificate as required by sections 6811-6812, Revenue and Taxation Code; and defendant testifying that plaintiffs did not mention a tax certificate, made no objection to the inventory and did not question the amount of the purchase price, but refused to perform unless defendant reduced the price by $1,000.

Plaintiffs claim that certain findings of the court are not supported by the evidence, but we find it unnecessary to discuss these findings. "It is elementary law that 'if a judgment is amply supported by findings which are unobjectionable, findings on other issues become immaterial, and it is not ground for reversal that such other findings are unsupported by evidence.' (2 Cal.Jur., sec. 612, p. 1028, citing many cases.)" (*Chapman* v. *Sky L'Onda etc. Water Co.,* 69

Cal.App.2d 667, 680-681 [159 P.2d 988]; *Estate of Sproston,* 4 Cal.2d 717, 722 [52 P.2d 924]; *Owen* v. *Cohen,* 19 Cal.2d 147, 150-151 [119 P.2d 713]; *Keegan* v. *Kaufman Bros.,* 68 Cal.App.2d 197, 202 [156 P.2d 261].)

 There is in this case one finding of fact supported by the direct testimony of the defendant which alone is sufficient to support the judgment. It was alleged in paragraph III of the cross-complaint (which was also pleaded as an affirmative defense): "That plaintiffs and cross-defendants, on or about the 5th day of February, 1946, willfully and without cause breached their agreement to purchase the said business and have refused and do now refuse, to pay the balance, or any of the purchase price for said business." The court found these allegations to be true.

The defendant testified that at the final meeting of the parties on February 7, 1946, the plaintiffs did not object to the form or correctness of the inventory which she had prepared, and did not request to see the invoices, but on the contrary "I told them what it totaled and they worked with me on it and they said that it was all right;" that the plaintiffs did not say anything about her failure to provide them with a sales tax certificate; that "they offered me one thousand dollars less than the price we agreed upon and I refused to take it. . . . They propositioned me to refund a percentage of their deposit and call the deal off. . . . I asked them why they changed their mind, why they hadn't let me know sooner, and they said they found another business that they could buy for about the same money, I think possibly a little less in San Francisco, a restaurant that would include a chance for both Mr. and Mrs. Moore to work in the same place. . . . (T)hey said I was high on my price, but they didn't say why."

This testimony, while flatly contradicted by the plaintiffs, supports the quoted finding and the quoted finding is sufficient to support the judgment. The case is governed by *Tomboy Gold & Copper Co.* v. *Marks,* 185 Cal. 336, 339 [197 P. 94], from which we quote:

"No rule is more firmly settled with relation to contracts for purchase, whether concerning real or personal property, than that to the effect that a vendee, who without lawful right refuses to go on with his contract, cannot recover from a vendor not in default who is ready and willing to proceed and fulfill all his obligations, all or any of the money that he had paid to the vendor in accord with the terms of the agree-

ment. This rule has been uniformly applied in California. It was declared in both opinions in *Glock* v. *Howard,* 123 Cal. 1, 10, 19, 20 [69 Am.St.Rep. 17, 43 L.R.A. 199, 55 P. 713], the opinion of Mr. Justice Henshaw saying that in such a case the vendor, 'still resting upon the contract, . . . may remain inactive, yet retain to his own use the moneys paid by the vendee; so that it is of no moment whether or not the contract declares that such moneys shall upon the breach be forfeited as liquidated damages,' and the opinion of Mr. Justice Harrison declaring it to be the law of the state that 'the vendee, who was himself in default in the payment of a portion of the money, could not against the will of the vendor repudiate the contract and recover the portion already paid.' Many cases might be cited in which this rule has been applied, but the rule is not disputed, and it is plain that plaintiff has no right of recovery here except upon the theory of mutual abandonment and rescission. Upon the facts of this case there is no other possible foundation for a right of recovery on the part of plaintiff.''

The court having found on sufficient evidence that the plaintiffs repudiated their agreement, they are in no position to urge before this court any defects in the inventory prepared by the defendant or the failure of the defendant to furnish them a sales tax certificate. Where a party to a contract flatly refuses to carry out his agreement and makes no objection to the form of the tender of performance by the other party any objection to the form of the tender is thereby waived. The court said in *Hoover* v. *Wolfe,* 167 Cal. 337, 341-342 [139 P. 794]:

''The statements of Wolfe were fairly to be interpreted as an absolute repudiation of liability under the contract, and a refusal, in any event, to accept the stock or pay therefor. Any objections to the mode of plaintiff's tender were capable of being obviated, if they had been pointed out. The failure to state them, and the refusal to accept the offer, constituted a waiver on Wolfe's part of any such objections (Civ. Code, secs. 1496, 1501; *Kofoed* v. *Gordon,* 122 Cal. 314, [54 P. 1115]), if, indeed, the unqualified refusal to perform did not dispense with the necessity of any offer of performance by plaintiff. (Civ. Code, secs. 1440, 1515).''

This conclusion makes unnecessary the consideration of other errors urged by the appellants since none of them would affect the finding which sufficiently supports the judgment.

■ We may add that plaintiffs are not aggrieved by the failure of the court to make findings on the plaintiffs' affirmative defenses to the cross-complaint since no recovery on the cross-complaint was allowed.

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.