[Civ. No. 15381.   First Dist., Div. Two.   Mar. 27, 1953.]

ROY T. BAUER et al., Respondents, v. HELENE CURTIS INDUSTRIES, INC. (a Corporation), Appellant.

Shapro & Rothschild and Raymond T. Anixter for Appellant.

Mark M. Coleman for Respondents.

NOURSE, P. J.—Plaintiffs sued to recover the purchase price of certain merchandise delivered to them as distributors under contract with defendants who were the manufacturers. The basis of the action was a purported breach of warranty of the merchandise sold. In a trial before the court sitting without a jury judgment was entered for the defendant. In due time the plaintiffs moved for a new trial specifying eight grounds. The only ground urged and determined was that numbered 6 which read, "Insufficiency of the evidence to justify the verdict." The order granting a new trial specified as a ground therefor, "insufficiency of the evidence to justify the decision." Because of the use of the word "verdict" in the notice of motion and the use of the word "decision" in the order, the appellant contends first, that the trial court was without jurisdiction to hear the motion since such power is conferred by section 657, Code of Civil Procedure, subdivision 6, to a case of "Insufficiency of the evidence to justify the verdict or other decision . . ." and second, because in granting the motion on the specified ground "insufficiency of the evidence to justify the decision" the court relied on a ground not specified in the notice of motion. To restate the highly technical argument, it is that the trial court had jurisdiction to grant a new trial only subject to a notice specifying insufficiency of the evidence to "justify the verdict or other decision" and since the notice did not specify the "decision" there was no jurisdiction to base the order on that ground.

Appellant relies on the case of *Martin* v. *Matfield*, 49 Cal. 42, which was followed in *Sawyer* v. *Sargent*, 65 Cal. 259 [3 P. 872], both holding that when the notice of motion used the word "judgment" instead of the word "decision" the court was without jurisdiction to grant a new trial. Both cases were written before the days of open plumbing and are no longer authority. Though we do not find that the Martin case has been expressly overruled such is not the case as to *Sawyer* v. *Sargent* which was expressly overruled in *Locke* v. *Moulton*, 96 Cal. 21 [30 P. 957]; *Hoover* v. *Wolfe*, 167 Cal. 337 [139 P. 794], and rejected in *O'Connell* v. *Main & Tenth St. Hotel Co.*, 90 Cal. 515 [27 P. 373]. Adopting the ancient maxim (which is still sound under modern plumbing) that "de minimis non curat lex" the later decisions hold that if the notice of motion distinctly informs that a new trial will be asked for it is sufficient. The Hoover case went a step further where it said (pp. 339, 340): "In the first place, the notice stated that motion for a new trial be made. This is all that is required by the statute. (*Bauder* v. *Tyrrel*, 59 Cal. 99; *Heinlen* v. *Heilbron*, 71 Cal. 557 [12 P. 673].) The statement that the moving party would ask to have the judgment vacated was unnecessary, and may be treated as surplusage. (*Locke* v. *Moulton*, 96 Cal. 21 [30 P. 957].) Besides, the grounds of motion were such as are applicable only to a motion for new trial, and the statement of such grounds sufficiently apprised the adverse party of the nature of the relief to be asked."

Though the language quoted may be too broad in view of the amendment to section 659, Code of Civil Procedure, requiring the notice to designate the grounds upon which the motion will be made, the principle is sound that when the adverse party has been given due notice that such a motion will be made and is fully apprised of the grounds to be urged the jurisdiction of the court is complete.

Furthermore, when the motion is fully heard without objection to its form (the record does not show that any objection was made) and no prejudice was suffered by the plaintiffs because of the wording of the notice we can properly make the same inquiry as that of the Supreme Court in *O'Connell* v. *Main & Tenth St. Hotel Co., supra*, page 518: "[C]ould any attorney imagine such a motion based upon the ground of insufficiency of the evidence, or errors at law occurring at the trial, or for newly discovered evidence, and made upon a statement of the case, unless it were a

motion for a new trial under the statute authorizing and requiring these things?'' The same result was reached in *Secreto* v. *Carlander,* 35 Cal.App.2d 361, 364 [95 P.2d 476], where the court said that where ''a motion for a new trial is argued and submitted without any objection being made to defects in the notice of intention to move for a new trial, any irregularities therein are waived and may not be urged upon appeal. (*Christy* v. *Spring Valley Water Works,* 68 Cal. 73 [8 P. 849]; *Cormond* v. *United Railroads,* 41 Cal.App. 683, 686 [183 P. 218]; *Starkweather* v. *Eddy,* 196 Cal. 73, 75 [235 P. 334].)''

We hold that appellant was not prejudiced by the form of the notice.

The second ground urged by appellant is that the evidence was insufficient to support a judgment for plaintiffs in any event. In argument it is suggested that respondents must have known of the defective condition of the merchandise and must have delayed an unreasonable time in making their rescission. These were the pertinent issues tried by the court and the evidence is far from conclusive and undisputed. In granting the new trial the court necessarily determined that such evidence was not conclusive and such holding cannot be disturbed.

Order affirmed.

Goodell, J., and Dooling, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 21, 1953.