The Chicago, Burlington and Quincy Railroad Company

*v.*

The City of Ottawa.

*Filed at Ottawa January 16, 1894.*

1. CHANCERY JURISDICTION—*to enjoin prosecutions under ordinance.* A court of equity will not interfere, by injunction, to restrain prosecutions under ordinances of cities and villages, even though the ordinances may be void, for the reason that the party sued has an adequate remedy at law. If the ordinance is void, that will defeat a prosecution under it.

2. SAME—*injunction to prevent irreparable injury.* To authorize an injunction to prevent irreparable injury, facts and circumstances must

be alleged from which it may be seen that irreparable mischief will be the result of the act complained of.

3. Same—*to prevent multiplicity of suits.* To give a court of equity jurisdiction to enjoin the prosecution of actions at law to prevent a multiplicity of suits, there must be a right affecting many persons. If the right is disputed between two persons only, not for themselves and all others in interest, but for themselves alone, the bill will not lie, unless the complainant's right has been established at law.

Appeal from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. Charles Blanchard, Judge, presiding.

This was a bill in equity, brought by the Chicago, Burlington and Quincy Railroad Company, against the city of Ottawa, to enjoin the prosecution of certain suits brought by the city against it for the violation of an alleged ordinance requiring the railroad company to erect gates at certain street crossings, for the purpose of protecting persons crossing the railroad track from being injured by passing trains. It was alleged in the bill that the ordinance was void; that it was beyond the power of the city of Ottawa to pass such an ordinance; that on the 24th day of November, 1891, the city brought an action against the railroad company, before a justice of the peace in the city of Ottawa, for a violation of the ordinance; that a fine of $200 was imposed by the justice against the railroad company; that about ten days thereafter another prosecution was brought before said justice and a like judgment rendered, from which judgments orator prosecuted an appeal to the circuit court of said county, where both are pending and undetermined; that on the 14th day of March, 1892, another suit was brought against orator by said city, before said justice, and a judgment rendered for $100 and costs of suit, and on the same day that said judgment was rendered, viz., on the 21st day of March, 1892, the city of Ottawa caused to be issued against orator ten other summons, commanding orator to appear before a justice of the peace each day for the ten

days next ensuing after the 26th day of March, 1892, Sundays excepted, to answer the complaint of the city of Ottawa for a failure to pay a certain demand in each case, not exceeding $200; that all of said thirteen suits so brought against your orator by the city were brought to recover a separate penalty for so many supposed violations of supposed ordinances of said city for a failure of orator to erect in its streets, at the crossings of said railroad, certain obstructions denominated "gates;" that the city officers—the mayor and aldermen—threaten to bring other suits for the same alleged offenses, and to prosecute orator every ten days, until orator will be able to obtain a final decision which will determine the right of the city to require of your orator other protection than flagmen, or shall erect gates at such crossings. The prayer of the bill is that the city be made defendant, and summoned, etc.; answer under oath is waived; that upon final hearing, defendant be restrained from prosecuting under said ordinance, so far as relates to the erection of gates and to maintain the same to the satisfaction of the superintendent of streets; for a temporary writ of injunction restraining the city from prosecuting suits against complainant, excepting the two suits now pending in the circuit court, and for other general relief.

The defendant interposed a demurrer to the bill, and for cause of demurrer alleged that a court of chancery has no jurisdiction to enjoin the prosecution of suits for the violation of a city ordinance, and that when ordinances have been enacted by the proper authorities, a court of equity will not interfere, by injunction, to restrain their enforcement in the appropriate courts upon the ground that such ordinances are alleged to be illegal or because of alleged innocence of the party charged, nor will that court enjoin such proceedings for the purpose of determining the validity of an ordinance in a court of law where there is an adequate remedy for an injury sustained.

The court sustained the demurrer to the bill, and the complainant electing to abide by the bill, a decree dismissing the bill was rendered by the court. This decree, on appeal, was affirmed in the Appellate Court.

Mr. Samuel Richolson, and Mr. O. F. Price, for the appellant:

As to the jurisdiction of a court of equity to enjoin the prosecutions under the ordinances, see *Poyer* v. *Des Plaines,* 123 Ill. 111; *Railroad Co.* v. *Mayor,* 54 N. Y. 159; *Davis* v. *American Society,* 75 id. 362; *Wood* v. *Brooklyn,* 14 Barb. 425; *Commissioners* v. *Durham,* 43 Ill. 86; Dillon on Mun. Corp. sec. 728.

Mr. A. E. Wheeler, for the appellee:

As to the jurisdiction to enjoin actions at law, see Story's Eq. Jur. secs. 901, 853, 557; High on Injunctions, secs. 53, 54; *Jones* v. *Oil Co.* 17 Ill. App. 114.; *Skakel* v. *Roche,* 27 id. 426; *Oswald* v. *Wolf,* 129 Ill. 210; *Beauchamp* v. *Putnam,* 34 id. 379; *Mason* v. *Piggott,* 11 id. 88; *Yates* v. *Batavia,* 79 id. 500; *Poyer* v. *Des Plaines,* 123 id. 111.

Per Curiam: It is claimed in the argument of appellant that the ordinance under which the prosecutions were instituted is void, and that a court of equity is clothed with jurisdiction to enjoin the prosecution of the various suits brought by the city of Ottawa to enforce a penalty for a violation of the ordinance. The circuit court and the Appellate Court both held that a court of equity, under the facts presented by the bill, had no jurisdiction to enjoin the prosecution of the suits instituted by the city, and if that ruling is correct the judgment of the Appellate Court will have to be affirmed, regardless of the validity or invalidity of the ordinance.

In *Yates* v. *Village of Batavia,* 79 Ill. 500, where a bill had been filed to enjoin the prosecution of suits commenced against

the complainants for the violation of a village ordinance "to provide against the evils resulting from the sale or giving away of intoxicating liquors," it was held "that a court of chancery had no jurisdiction of the subject matter of the litigation,—that the defense to the several actions, if any existed, was complete in an action at law." In *Poyer* v. *Village of Des Plaines,* 123 Ill. 112, where a bill in equity was filed to enjoin the prosecution of seven suits instituted by the village, and to restrain others threatened, for the violation of an ordinance passed by the village providing that public picnics and open air dances within the limits of the village are nuisances, it was held "that a court of equity will not interfere, by injunction, to restrain the enforcement of the ordinances in the appropriate courts on the ground that such ordinances are alleged to be illegal, or because of the alleged innocence of the party charged, nor will the court enjoin such proceedings for the purpose of determining the validity of the ordinance in a court of law, where the defendant has an adequate remedy at law for any injury he may sustain." The law as established in these cases is fully sustained by the decisions in other courts, as will be found by reference to the cases cited in *Poyer* v. *Village of Des Plaines, supra.*

If a court of equity would not interfere, by injunction, in the case last cited, why should it do so in this case? There, as here, the complaint was that the ordinance was invalid, and that the complainant was prosecuted, in a multiplicity of suits, for the violation of the ordinance, and that he will suffer irreparable injury unless the suits are enjoined. The fact that the offense for which the prosecutions were instituted in this case is different from that in the cases cited does not affect the principle involved. There, as here, an ordinance had been passed by a municipality providing for the payment of a certain sum as a penalty for a violation of the ordinance, and the question was whether the municipal legislation was valid or invalid. Whether the ordinance related

26—148 Ill.

to one subject or another was a question of no special importance. What difference can it make, in reference to the tribunal in which an ordinance shall be enforced, whether the ordinance relates to a nuisance, or whether it enjoins upon a railroad company a duty imposed for the protection of the lives of its citizens? In each case a penalty is imposed for a violation of the ordinance, and no reason is perceived why the validity of that penalty should in one case be inquired into in a court of law and in the other in a court of equity.

As has been observed, it was claimed in the case last cited that a court of equity should take jurisdiction to prevent irreparable injury and to prevent a multiplicity of suits at law. But as to the first ground it was held, facts and circumstances must be alleged from which it may be seen that irreparable mischief will be the result of the act complained of; and as to the second ground, it was held there must be a right affecting many persons. If the right is disputed between two persons only, not for themselves and all others in interest, but for themselves alone, the bill will not lie, unless complainant's rights have been established at law. The facts alleged in the bill on these points do not bring the case within the rule indicated.

It appears from the bill that two of the suits brought against appellant have been appealed, and are now pending in the circuit court of LaSalle county, and no reason is perceived why every question which may arise in those prosecutions can not be settled and determined on the trial in that court. Whether the ordinance is valid or invalid, whether the city of Ottawa was clothed with legislative power to pass the ordinance, and whether it was passed in conformity to law, were all purely questions of law, which the circuit court is competent to decide.

We think the judgment of the Appellate Court correct, and it will be affirmed.

*Judgment affirmed.*