Gorman, J.
Decision on .demurrer to amended petition.
This is an action to enjoin the defendant, the chief inspector of work shops and factories, and-W. C. Fnlson, chief sanitary inspector of the board of health .of Cincinnati, from ordering or attempting to compel plaintiff to remove his bakery and bake oven from the basement of his building No. 110 East McMicken avenue, Cincinnati, Ohio, where he has carried on the business of a bakery since 1890.
Plaintiff avers that his bakery is now and always has been conducted and operated under all reasonable and proper sanitary rules, regulations and orders of the board of health of the city of Cincinnati, Ohio, and is rated a number one or “AA” as a bakery; that the same has, during all the years since 1890, been conducted in said basement, and that he fitted up the same and thoroughly equipped it at great cost and expense, and has built up a large and valuable trade at said location, and has a valuable good will established, and that the location and ar *299 rangement of said bakery is thoroughly sanitary and healthful., and that' he has a vested property interest in said bakery. He further avers that the defendants have notified him to remove his oven and bakery to some place above the level of the street; and that they will unless restrained, proceed to enforce said order to the "great and irreparable injury of plaintiff in his vested property interests.
While the petition does not so state, counsel for plaintiff, in the argument of the case claimed that the defendants are doing and are intending to do the things complained of, under and by virtue of Sections 1012 and 1019 inclusive of the General Code, which are the sections relating to the. manner of conducting bakeries and the sanitation and location of the same. Unless the defendants are proceeding under these sections of the code, then there is no warrant or authority of law for ordering plaintiff to remove his bakery.
While it is alleged that there is no law or warrant for defendants’ actions in the argument of counsel, it is admitted that they are proceeding under these sections; but it is claimed that they are unconstitutional and void, especially Section 1012.
A demurrer has been interposed by the defendants; we shall therefore proceed to determine this case on the theory upon which it was argued and presented to the court, that the sections of the General Code above referred to are unconstitutional and void, and therefore there is no law or warrant for defendants ’ actions, and their threat to enforce the same.
It appears that these sections cited are the only ones under which defendants could assume to act lawfully in' ordering plaintiff to remove his bakery from his cellar.
The grounds of the demurrer are:
1st.' That the court has no jurisdiction of the subject-matter of the action.
2d. That the petition does not state facts sufficient to show a cause of action.
I shall proceed to consider these claims in the order stated and argued.
Section 1012 of the General Code provides that:
*300 “All bakeries shall be drained and plumbed in a sanitary-manner and provided with such air-shafts, windows or ventilating pipes as the chief inspector of work-shops and factories or a district inspector directs. No cellar or basement shall be used as a bakery.”
The following sections provide still further regulations for bakeries:
Section 1017 provides for an inspection of bakeries by the chief inspector and the issuance by him of a certificate to the owner that it is being conducted according to the provisions of the law. The next section provides that the inspector may issue an order to improve the condition of the bakery, and that a certificate of character (if I may so designate it) shall not issue until such .order is complied with.
There is no method provided under the sections of compelling the compliance with the order, except by enforcing the penal provisions of the act which are set forth in Section 1019. It is there provided that whoever violates any of the foregoing provisions relating to bakeries, or refuses to comply with an order of the chief inspector, or district inspector, shall be fined not less than $20 nor more than $50, and not less than $50 and not more than $200 or imprisoned not more than ten days for each succeeding offense.
It will therefore be seen that a violation of Section 1012 is a misdemeanor and punished as such. There is no provision for arbitrarily removing any one’s bakery from a cellar or basement.
There is no way in which the state officers or the health officers of Cincinnati can proceed against any one conducting a bakery in a cellar or basement, except by an arrest for a violation of any of the provisions relating to bakeries. No one is unlawfully attempting to take plaintiff’s property or break up his business. At least the defendants are not claimed to be doing so, except in so far as an enforcement of the law against them may and will have that effect-.
As the court views this case presented on the petition and the arguments of counsel for plaintiff and defendants, it is sought to enjoin these .officers from prosecuting plaintiff criminally for an alleged violation of Section 1012 in conducting a bakery in *301 a basement at No. 110 East MeMieken avenue in said city. The court can not and ought not tó be asked to assume that these defendants are about to deprive plaintiff of any of his property or constitutional rights, except by virtue of some statute which on its face authorizes them to proceed in the manner therein pointed out.
The plaintiff seeks by this proceeding to anticipate and prevent an arrest under the foregoing Section 1019, which may be, and will no doubt be 'made by defendant Kearns, as chief inspector of work-shops and factories of this state. There can be no other-reasonable claim in view of the character of defendants, and the acts pleaded.
Now the first question to be determined is, “Has a court of equity power, authority or jurisdiction to enjoin the prosecution of any one under a criminal statute on the claim of the plaintiff that the statute is unconstitutional ?” If this question be answered in the negative, then the plaintiff’s petition must be dismissed and the court should not enter upon a consideration of the merits of the claim that the law is unconstitutional.
There can be no question of the soundness of the equitable maxim that courts of equity will not entertain jurisdiction in any case where the plaintiff has a plain and adequate remedy at law.
Now the constitutionality of Section 1012, or any other section allied to or connected with it, including Sections 1017, 1018 and 1019 can be tested in a criminal prosecution brought against plaintiff, or upon his arrest for an alleged violation of this or any other section of the code imposing a penalty upon conviction; he may, before being brought to trial, sue out a writ of habeas corpus and thereby test the constitutionality of the statutes under which the arrest has been made., See Ex parte Kline, 6 C. C.; Ex parte Siebold, 100 U. S.
So that in an attempt to enforce these statutes by the only method open to the officers, to-wit, by an arrest and prosecution for their violation, the plaintiff has two plain and adequate remedies at law.
An injunction will not lie to restrain a public officer or any one else from proceeding to a criminal prosecution for an alleged *302 violation of the criminal statutes. High on Injunctions, 4th Edition, Section 20; Id., Section 68.
“Since courts of equity deal only with civil and property rights, they will not interfere by injunction with criminal proceedings, having no jurisdiction or power to afford relief in such cases. * * *
“So courts of equity will not interfere by injunction to restrain municipal officers from prosecuting suits for the violation of city ordinances, such proceedings being of a quasi criminal nature, and equity will not interfere with the execution of the criminal law, whether pertaining to the state at large, or to municipalities, which are agents in the administration of civil government.” High on Injunctions, 4th Edition, Section 68; Davis & Farnum Mfg. Co. v. Los Angeles, 189 U. S., 207; Moses v. Mayor, 52 Ala., 198; Taylor v. City of Pine Bluffs, 34 Ark., 603; C., B. & Q. R. R. Co. v. Ottawa, 148 Ill., 397; Golden v. City of Guthrie, 3 Okla., 128; and numerous other authorities that might be cited.
Nor will an injunction lie to restrain an officer from making an arrest under a statute preventing cruelty to animals upon the ground that the acts complained of are not a violation of the statute, and because of the injury which would result to plaintiff’s business. Davis v. American Society, 75 N. Y., 362.
Nor will a state officer be enjoined from enforcing a state law merely upon the ground of its alleged unconstitutionality. Gibbs v. Green, 54 Miss., 593; Birmingham v. Cheetham, 19 Wash., 657.
It is scarcely necessary to multiply authorities in support of this plain proposition. Courts of equity are entirely too prone to grant the request of each litigant who imagines that he can take some short cut to reach a decision favorable to him, or to forestall the proceedings of courts of law. It must be remembered that courts of equity and chancellors were brought into existence to give relief in those cases, and those only, wherein the law by reason of its universality was deficient.
When the forum of conscience is appealed to, to right an exceptional wrong which the legislators who enacted the law were unable to foresee, then the court of equity is acting within its proper sphere, but it ought never to act or take jurisdiction *303 unless the applicant at its bar is without a plain and adequate remedy at law.
But it is urged that because the plaintiff’s business may be incidentally affected by his arrest, therefore this court ought to interpose; or because the effect of the law if found to be constitutional, will be to deprive the plaintiff of his right of property, for this reason this court should hear and determine the question of the constitutionality of the law.
Connsel for plaintiff has displayed a wonderful amount of zeal and patience in collecting and citing authorities in support of his contention that where one’s property, business or. his civil rights are affected by a criminal prosecution, then an injunction will lie to determine the validity of the law under which the action is taken or attempted to be taken, even though the violation of the law involved is a criminal offense.
I have not the time or space to distinguish all the cases and authorities cited, but can only say that although there may be an occasional case in which an injunction has been issued by courts to protect property or civil rights, it will be found 'that they are cases in which the plaintiff’s property was seized under an unconstitutional law, or the officers were proceeding in some illegal way to do the act or acts complained of, and irreparable injury was likely to occur unless the court of equity interfered. No such irreparable injury can take place here from the mere arrest of plaintiff, charging him with a misdemeanor.
Here are some of the oases cited by plaintiff’s counsel:
Predigested Food Co. v. McNeal, Dairy Comr., 1 Nisi Prius, 266: Judge Smith on the Superior Court bench refused to enjoin the prosecution of plaintiff, although it alleged a conspiracy to break up its business on the part of the state officials and that they were acting maliciously and in bad faith.
Shaw & Simpkinson v. Interstate Savings Co., 5 N. P., 411, does not at all support plaintiff’s claim. In that case it was urged that equity would not enjoin the commission of a crime, nor the prosecution thereof, and Judge Dempsey held that while equity would not enjoin the commission of a crime, it would protect property involved where a crime was involved.
Perkins, Campbell & Co. v. Rogg, 11 O. D., Reprint, 585, was an action to enjoin strikers from destroying property, and it *304 was held that because this was also a crime, it was no reason why a court of equity would not protect the plaintiff’s property from destruction or injury.
State v. Hobart, 8 N. P., 246, was Judge Hollister’s case granting an injunction against conducting a prize flight. This case can have no bearing upon the ease at bar.
French v. Shirley et al, 7 N. P., 26, was a case to restrain the commissioners of fish and game of Ohio from summarily destroying plaintiff’s property, fishing nets, under a statute which provided for their destruction without giving the owner a hearing or trial. This is not at all a case like the one at bar.
In Board of Education v. Sawyer, 7 N.P.(N.S.), it was charged that the law under which the state inspector was acting was unconstitutional and that the officers were acting arbitrarily and oppressively. In that case and under those allegations the court overruled a demurrer and allowed plaintiffs to show that the state officers were so acting. The court incidentally held the law to be constitutional, although it seems to me that that question was not necessarily involved in overruling the demurrer.
Millcreek Talley St. Ry. v. Carthage, 8 C. D., 840: In this case an injunction issued to restrain the village of Carthage from tearing up and destroying the tracks of the street railway company under a resolution declaring them to be a nuisance in the street, until there could be a judicial determination that they were a nuisance. The same question involved in this case was involved in the case of Daming v. City of Cleveland, 12 C. D., 198, a nuisance ease.
A great mass of authorities from outside this state are cited. The court has been unable to examine all of them; but those examined are all to the point that a court of equity will enjoin in a criminal case to protect property, but no further.
No case will be found which is well considered that enjoins the criminal prosecution on the ground that the law is unconstitutional and void, unless it be to protect property or civil rights.
The demurrer will be sustained on the ground that the court has no jurisdiction of the subject-matter of the action.