## HOFFMAN et al. v. TOOELE CITY et al. '

No. 2424.   Decided January 31, 1913 (130 Pac. 61).

1. INJUNCTION—RESTRAINING PROSECUTIONS UNDER ORDINANCES— JURISDICTION.   Equity has no jurisdiction to restrain prosecutions for violations of an ordinance prohibiting the sale of intoxicating liquor in a city, the voters of which, at a local option election, had declared against the sale of liquor; so that the state law prohibiting sale is in force in the city, since irreparable damage is impossible, and since there is an adequate remedy at law by appeal from convictions under the ordinance alleged to be invalid, on the ground that it is covered by the state law.   (Page 356.)

2. EQUITY—LEGAL AND EQUITABLE.   Though law and equity may be administered by the same court and in the same action, the functions of law and equity cannot be disregarded; and equity may intercede only where the law is inadequate, or is impotent to prevent gross injustice or irreparable injury.   (Page 359.)

APPEAL from District Court, Third District; *Hon. Geo. G. Armstrong,* Judge.

Action by Frank Hoffman and others, against Tooele City and others.

Plaintiffs appeal from a judgment granting insufficient relief and defendants appeal from the part of the judgment granting relief.

APPEAL DISMISSED.

*Smith & McBroom, Weber & Olson,* and *Hurd & Hurd* for appellants.

*L. L. Baker,* and *Booth, Lee, Badger, Rich & Parke* for respondents.

FRICK, J.

This is an action in equity for injunctive relief. The matters upon which the aid of a court of equity is invoked

42 Utah 23

are set forth in the complaint. The substance of the complaint, after setting forth the status and relationship of the parties to the subject of the action, is as follows: That in June, 1911, a certain election was held in Tooele City, pursuant to chapter 106 of the Laws of Utah 1911, a local option statute, in which election the question of whether intoxicating liquors should be permitted to be sold after the 30th day of September, 1911, in such city was submitted to a vote of the legal voters, and was by them determined against sale; that thereupon the city council of Tooele City, on the 18th day of September, 1911, attempted and pretended to pass a certain ordinance prohibiting the sale of intoxicating liquors in said city, and said ordinance prescribed certain rules of evidence, and provided for certain penalties for its violation. The ordinance is made a part of the complaint. It was further alleged that thereafter, and in pursuance of the provision of said ordinance, the officers of said Tooele City filed complaints in a court of competent jurisdiction against many of the residents of said city, charging them separately with having violated the provisions of the ordinance, aforesaid, and among those against whom complaints were so filed are the plaintiffs; that the plaintiff Bezeek was complained of and charged with a misdemeanor for having violated the provisions of said ordinance three times between the 29th day of February and the 8th day of March, 1912; that the plaintiff Frank Penna was so charged three times between the 11th day of January and the 8th day of March, 1912; that the plaintiff Alex Voyich was so charged once between said dates; that the plaintiff Fred Smith was charged once; that the plaintiff Frank Hoffman was charged twice; that the plaintiff Frank Pejnovich was charged once, and the plaintiff Alma F. Mallet three times, and all of the foregoing complaints contained separate and distinct offenses; that the officers of said Tooele City did prosecute said several complaints and charges, and threaten to continue to prosecute said plaintiffs for supposed violations of said ordinance.

The allegations upon which plaintiffs rely for injunctive

interference with said alleged and threatened prosecutions are as follows:

"That to defend the said prosecutions severally, as the plaintiffs will be compelled to do, unless the said prosecutions are restrained by order of this court, does and will give rise to multiplicity of actions; that the plaintiffs herein, if compelled to defend said actions separately, will be compelled to expend large sums of money; that the said prosecutions are oppressive and unreasonable, and unless the said city is restrained from prosecuting the said actions by order of this court, the means of these plaintiffs will be totally consumed in defending themselves against said charges, and the plaintiffs herein will no longer be able to properly defend themselves in such actions, to the great and irreparable damage of the plaintiffs."

For a second cause of action it is alleged that, pursuant to the provisions of said ordinance, the plaintiffs have been charged with and prosecuted, and will continue to be prosecuted, for maintaining nuisances; and for a third cause of action it is alleged that, by virtue of a search and seizure provision contained in said ordinance, the officers of said Tooele City have seized and carried away certain intoxicating liquors, the property of said plaintiffs. It is also alleged, upon information and belief, that prosecutions based on said ordinance will be instituted against other residents of Tooele City. It is further alleged that said ordinance is void; the reasons therefor being stated.

The defendant demurred to the complaint for want of facts. The district court of Tooele County sustained the demurrer as to the first two causes of action set forth in the complaint and overruled it as to the third. Pursuant to the stipulations of counsel electing to stand upon their pleadings, respectively, the court then issued a perpetual injunction against the city on the third cause of action, and denied an injunction and dismissed the complaint as to the first and second causes of action. Plaintiffs appeal from that part of the judgment denying the injunction, and the defendants appeal from that part granting the same.

At the hearing we, *sua sponte,* questioned the power, or, at least, the propriety of a court of equity to grant the relief under the conceded facts and circumstances. Counsel for both sides, however, urgently requested that we should hear and determine the appeal. We accordingly heard their arguments upon the condition that they file a brief, in which they should refer us to the authorities in support of the contention that it is proper for a court of equity to grant injunctive relief in cases like the one at bar. Counsel have filed such a brief, in which they have referred us to many cases where courts of equity have granted injunctive relief, involving both criminal and *quasi* criminal prosecutions based upon ordinances or laws that were alleged to be void. They have also referred us to cases wherein the courts have denied such relief. Among the cases cited by counsel wherein courts have interferred are the following: *Detroit v. Detroit, etc., R. Co.,* 184 U. S. 378, 22 Sup. Ct. 410, 46 L. Ed. 592; *South Covington & C. St. Ry. Co. v. Berry,* 93 Ky. 43, 18 S. W. 1026, 15 L. R. A. 604, 40 Am. St. Rep. 161; *Hall v. Dunn,* 52 Or. 475, 97 Pac. 811, 25 L. R. A. (N. S.) 193; *Mayor v. Radecke,* 49 Md. 217, 33 Am. Rep. 239; *Bear v. City of Cedar Rapids,* 147 Iowa, 341, 126 N. W. 324, 27 L. R. A. (N. S.) 1150; *City of Chicago v. Collins,* 175 Ill. 445, 51 N. E. 907, 49 L. R. A. 408, 67 Am. St. Rep. 224. We shall not pause now to set forth the facts and circumstances upon which the decisions in the foregoing cases are based. It must suffice to say that a mere cursory reading of them shows that in all of them some legal, and in some of them *quasi* public, business or enterprise was involved which would suffer irreparable injury, if it would not be entirely destroyed, in case the prosecutions under the alleged invalid ordinances were permitted to be carried on or continued. Again, in many of those cases many hundreds, possibly thousands, of people might be directly affected, or indirectly at least, by the prosecutions, many of whom might have been seriously inconvenienced and damaged. In addition to the foregoing, the penalties that might have been imposed for

violations of the ordinances in question, if multiplied as they might have been by continued prosecutions, would have been a most serious burden upon a lawful business or enterprise, and might, in many cases, have caused its destruction. While we do not wish to be understood as saying that in all of the cases all of the foregoing consequences would follow or were threatened, yet in all of them either irreparable injury was threatened, or a multiplicity of suits was imminent, which, if carried on, would, of itself, have amounted to oppression.

No lawful business or enterprise is being assailed here, although plaintiffs are prosecuted under an alleged invalid ordinance. Nor is it alleged that any property which plaintiffs may lawfully possess or deal with will be interfered with. The ordinance in question covers precisely the same ground that is covered by the state law which was in full force and effect in Tooele City when the acts with which the plaintiffs are charged in the complaints filed against them are alleged to have been committed. Indeed, one of the grounds upon which the validity of the ordinance is assailed is that it covers precisely the same ground covered by the state law, with penalties practically the same as those imposed by that law. Neither of the plaintiffs, therefore, could have been lawfully engaged in the traffic of intoxicating liquors when the complaints were filed against them; nor can either of them, nor anyone else, be so engaged now in Tooele City. No lawful business or enterprise is therefore either molested or threatened by the prosecutions in question, or by any similar ones. How can it be successfully contended, therefore that irreparable damage to or loss of property which is being devoted to legal purposes is possible? All that plaintiffs, or either of them, could gain if the ordinance in question were held void would be that the penalty and costs that were imposed upon the conviction in the lower court could not be enforced against them. This is the usual result of every criminal prosecution which fails on appeal, regardless of the grounds for which it fails. Again, plaintiffs are not threatened with prosecutions, nor

with search and seizure, nor with maintaining nuisances, unless there is some cause for believing that they have committed some act which is not alone prohibited by the ordinance in question, but is likewise prohibited by the state law. Immunity therefore, from prosecutions for committing acts denounced by the ordinance is of little, if any, consequence, since the same acts are prohibited by the state liquor law, which is in force in Tooele City. If a court of equity may interfere in this case, it may do so in any criminal prosecution, where the claim is put forth that the ordinance or law upon which the prosecution is based is invalid. Indeed, why may it not be done in a case where the plaintiff, as here, alleges that if he continues to violate the law or ordinance he will continue to be prosecuted, and the numerous prosecutions will be an irreparable injury to him, although the prosecutions are perfectly legal? In addition to all this, plaintiffs have a plain, speedy, and adequate remedy at law by appeal to this court. In this connection, if it had been desired to hasten the progress of the case to test the validity of the ordinance in this court, counsel could have stipulated the facts, as in legal effect was done in this case, and the trial court, in passing upon the facts, also could have passed on the validity of the ordinance, and either party could then have appealed from the decision, and could thus have the question of the validity of the ordinance determined in the usual and ordinary method. From what is made to appear, we do not see why such a case could not have been presented on appeal and submitted to this court within the time that this case was heard and submitted. If such a course had been pursued, in view that the case is criminal in its nature, it could, and no doubt would, have been decided as soon as this appeal is now being decided. In the six years that the writer has been a member of this court, no criminal case that was regularly submitted to this court has been permitted to pass beyond the term without a decision. Appeals to this court in criminal cases, especially where the validity of statutes or ordinances is involved, may thus be speedily presented, and will, except for special

reasons, as speedily be determined. In no view, therefore, that can be taken is there any ground upon which to base a right to equitable relief in this case.

The following are a few of the many cases that could be cited in which it is held that courts of equity have no authority to enjoin courts of law from prosecuting alleged violations of ordinances in the regular and ordinary manner, although such ordinances were claimed to be, and in some cases conceded to be, void in certain respects: *Chicago, B. & Q. Ry. v. City of Ottawa,* 148 Ill. 397, 36 N. E. 85; *Shellman v. Saxon,* 134 Ga. 29, 67 S. E. 438, 27 L. R. A. (N. S.) 452; *Poyer v. Village of Des Plains,* 123 Ill. 111, 13 N. E. 819, 5 Am. St. Rep. 494; *Yates v. Village of Batavia,* 79 Ill. 500. We think no case can be found, at least we have found none, where a court of equity has interfered with a case in which the facts and circumstances were as in the case at bar.

It no doubt sounds well, and especially to the lay ear, to say that a court that has jurisdiction of the general subject-matter should in all cases determine the real questions involved, regardless of the manner or form in which such questions are presented to the courts. To argue for such a procedure is to ignore the fact that, although law and equity may be administered by the same court, and in this state in the same action, nevertheless the functions of law and equity cannot, without endless confusion, be entirely disregarded or ignored. Equity can intercede only where the law is inadequate, or is impotent to prevent gross injustice or irreparable injury. If a court of equity interfered with the law when the law, as in the case at bar, is supreme, it would amount to usurpation. Usurpation must inevitably lead to revolution, and revolution to anarchy and chaos. If, therefore, we, in our equitable power, should interfere in this case, such interference, in our judgment, would be usurpation, pure and simple. This we have no right to do.

The appeal should therefore be dismissed. Such is the order
McCARTY, C. J., and STRAUP, J., concur.