## HOLMES v. SALT LAKE CITY, et al.

### No. 2467. Decided July 10, 1913 (134 Pac. 571).

INJUNCTION—CITY ORDINANCE—ENFORCEMENT—ADEQUATE REMEDY AT LAW. Equity will not enjoin a city from enforcing a liquor ordinance as against a hotel keeper, on the ground that the ordinance is invalid, plaintiff having an adequate remedy at law by pleading the invalidity of the ordinance as a defense to a prosecution for violating it, and appealing from a conviction rendered.[1]

APPEAL from District Court, Third District; *Hon. F. C. Loofbourow,* Judge.

Suit by Gustavus S. Holmes against Salt Lake City and others to compel the city to issue a liquor license to plaintiff and to restrain the city and its officers from enforcing a certain ordinance, regulating restaurants, as against plaintiff.

Decree in favor of defendant. Complainants appeal.

REVERSED.

---

[1] Hoffman v. Tooele City, 42 Utah, 353, 130 Pac. 61.

*H. J. Dininny* and *Aaron Myers* for appellants..

*Dey, Hoppaugh and Fabian* for respondent.

FRICK, J.

The primary object of this action when it was commenced, and according to the prayer, was to obtain an order from the district court of Salt Lake County requiring the defendants, constituting the Board of Commissioners of Salt Lake City, to issue a license permitting the plaintiff to sell intoxicating liquors in connection with his hotel business. Incidentally thereto it was also sought to restrain all of the parties named as defendants from enforcing the provisions of a certain ordinance, regulating restaurants in Salt Lake City, against the plaintiff. The district court entered judgment, in which it directed a license to be issued as prayed for, and also restrained and enjoined all of the defendants from enforcing the ordinance aforesaid, and also restrain them from interfering with him or with the manner in which he was dispensing intoxicating liquors in connection with his hotel business. The defendants appeal.

It is only the second proposition that is brought up on this appeal. The court's order directing the issuance of the license is not assailed. So that there may be no misunderstanding with respect to what the purpose of the action was, we shall quote the statements with regard to the purpose of the action as made by both parties as such statements are contained in their respective briefs. Counsel for appellants state the purpose thus:

"This action was brought by the plaintiff against the defendants to enjoin them from enforcing against the plaintiff an ordinance passed by the Board of Commissioners of Salt Lake City, May 16, 1912, a copy of which ordinance . . . is as follows."

Then follows the ordinance in full. It will be observed that what we call the primary object of the action, namely, to compel the issuance of the license, is omitted from the foregoing statement; this, presumably, for the reason that

that proposition is not drawn in question here. The respondent's statement is as follows:

"This action was brought *inter alia* to obtain a construction as to the application and validity of a certain section of a city ordinance to plaintiff as proprietor of the Semloh Hotel, and to enjoin the enforcement of certain provisions therein, which are irregularly sought to be enforced against him."

The only difference between the foregoing statements is that the latter one is a little broader and more specific than the former. Both statements, however, clearly show that in bringing the action it was the purpose of respondent to invoke the aid of a court of equity to prevent the city from enforcing a certain ordinance against him, upon the ground that the ordinance was invalid, at least as to him and his business.

There is nothing in this case that in principle differentiates it from the case recently decided by us, namely, *Hoffman v. Toole City,* 42 Utah, 353, 130 Pac. 61. In that case it was sought, as it is sought here, to have a court of equity interfere with a city in its attempt to enforce a certain ordinance which it was contended was invalid. In that case we went fully into the question of how and under what circumstances a court of equity may assume jurisdiction for the purpose of enjoining the enforcement of criminal laws or ordinances which are claimed to be invalid. We there held that courts of equity may interfere in such cases only when "the law is inadequate or impotent to prevent gross injustice or irreparable injury. While respondent in his complaint seeks to make it appear that he would in some way suffer irreparable injury if the ordinance in question was enforced against him, yet it is quite apparent from the whole complaint that under our practice and procedure, such a contention cannot successfully be maintained. Suppose the city, in order to enforce the ordinance, had filed a complaint against respondent in the city court. He could there have raised, and could have had determined the question respecting the validity of the ordinance, and if that court

had held against his contention, he could have forthwith superseded the enforcement of the judgment by taking the case on appeal to the district court. If upon a trial that court should also have held against his contention, then, in view that he questioned the validity of the ordinance, he again could have superseded the judgment by prosecuting an appeal to this court, and could have had the question of the validity of the ordinance determined in the regular way, through the procedure applicable in our courts of law. By taking the appeals as suggested he would have arrested the enforcement of the ordinance precisely the same as that end was affected by an injunction. Respondent thus had a clear, a speedy, and an adequate remedy in law, and hence had no reason for which he could invoke the powers of a court of equity to aid him. If it be said that the city, after having secured one conviction and pending an appeal, could have multiplied actions against respondent, the answer is that no such case is presented, and it will be time enough to seek the aid of a court of equity when the city pending appeals by offensive methods seeks to enforce its ordinances which in good faith are being assailed upon the ground that they are invalid. Again, if it be contended that if the license had been withheld from respondent it would have caused him irreparable injury to his business, the answer is that that question is not here, and, further, that if he had a legal right to have a license issued to him, he could have either presented that question alone, or, in seeking to obtain a writ of mandate, he could have tested the legality of his claim. His remedy, therefore, again was one that was clear, and certainly would have been speedy and adequate.

Notwithstanding the fact that respondent had a plain, speedy, and adequate remedy at law, in case he was prosecuted under the ordinance, to test the validity thereof by defendant in the usual way, and if the lower court held it valid to suspend the judgment by an appeal to this court, the district court nevertheless assumed jurisdiction as a court of equity. In doing so it entered judgment enjoining the appellant "from in any manner attempting to en-

force said ordinance against the plaintiff, . . . and from in any manner interfering with the hotel business of said plaintiff, . . . under color or by reason of said ordinance." Any attempt to prosecute the respondent in the usual manner for any and every violation of the ordinance is, by the sweeping order, enjoined for all time to come. If this be permitted to be done in this case, then in every case where the validity of a municipal ordinance or of a state law is assailed or where it is contended that the provisions thereof do not apply to the party assailing it or to his business, he need not answer in a court of law upon a proper complaint filed against him, but may go into a court of equity and have the prosecution against him enjoined, or the ordinance or law so construed that it does not apply to him or his business affairs. The power to determine the applicability and validity of either laws or ordinances, except in rare cases as pointed out in the Hoffman Case, *supra,* is vested in courts of law, and such powers are constantly invoked and exercised in criminal proceedings instituted for the purpose of enforcing such laws or ordinances. Such is the usual and ordinary method to be pursued; and, unless there are some well-recognized grounds for invoking the aid of a court of equity, such a court merely usurps power in attempting to interfere with the ordinary course of criminal prosecutions, by which it is sought to enforce the criminal laws of the state or the ordinances of a city. In view, therefore, that the district court, by assuming to determine the question of the invalidity in this case as a court of equity, clearly erred, we need not inquire whether its construction of the ordinance is correct or otherwise. The only thing that is necessary for us to do, and all we can legally do, is to undo what the district court attempted to do in entering judgment enjoining the appellant from attempting to enforce the ordinance in question against respondent. No sufficient reason is made apparent why such a course was pursued rather than the ordinary one usually pursued in cases where it is sought to enforce city ordinances. It is only

due to both court and counsel to say, however, that when the judgment in this case was entered, the case of *Hoffman v. Tooele City, supra*, had not been decided.

For the reasons, therefore, that the court erred in taking cognizance of the case and in entering the injunction aforesaid, that portion of the judgment appealed from should be, and accordingly is, reversed; and the cause is remanded to the district court, with directions to set aside and vacate the injunction. Neither party to recover costs on appeal.

McCARTY, C. J., and STRAUP, J., concur.