[L. A. No. 11106. In Bank.—March 30, 1929.]

MAUDE C. BELLEW, Respondent, v. J. D. BELLEW, Appellant.

J. D. Bellew, *in pro. per.*, for Appellant.

Kemper Campbell and Chas. L. Nichols for Respondent.

SHENK, J.—The respondent has moved to dismiss the appeal herein on the ground that the appeal was not taken within the time prescribed by law.

The action is one for divorce. An interlocutory decree of divorce was granted to the plaintiff and was entered on August 16, 1928. No notice of entry of judgment was ever served on the defendant. The defendant served his notice of intention to move for a new trial on August 21, 1928, and said notice was filed on August 22, 1928. The memorandum of points and authorities required by subdivision (5) of rule XX of rules regulating business of the superior court, effective August 1, 1928, to be served and filed within ten days after the filing of notice of intention to move for a new trial, was not served or filed. On October 25, 1928, without any further steps in the new trial proceedings, the defendant filed his notice of appeal.

The respondent contends that the effect of a noncompliance with the provisions of said subdivision (5) of rule

XX was that the new trial proceedings were not duly initiated and therefore that the time within which the appeal might have been taken was not extended thirty days from any termination in the trial court of the new trial proceedings, and that the notice of appeal should have been filed within sixty days from entry of judgment. (Code Civ. Proc., sec. 939.)

If, notwithstanding the rule, the new trial proceedings were duly initiated, then the notice of appeal was unquestionably filed in time, for the failure to serve notice of entry of judgment had the effect of extending the time within which the trial court might pass on the motion for a new trial and of extending the time for the filing of the notice of appeal far beyond the time when it was actually filed. (Code Civ. Proc., secs. 660, 939; *Gross* v. *Hazeltine, ante,* p. 130 [273 Pac. 550].)

We think the existence of the rule and noncompliance with the requirement thereof, as shown, did not have the effect contended for by respondent. Under the rule in force at the time no penalty was prescribed for its violation and its provisions must be deemed to have been directory only. As amended (rule XIX, subd. 4, effective February 1, 1929), the rule provides as a penalty for its violation an abandonment by implication of the right to argue the motion.

We conclude that the new trial proceedings were duly initiated within the meaning of the decisions in *Estate of Bergland,* 177 Cal. 227, 228 [170 Pac. 400], and *Gross* v. *Hazeltine, supra.*

The motion to dismiss the appeal is denied.

Richards, J., Seawell, J., Preston, J., Waste, C. J., Langdon, J., and Curtis, J., concurred.