[Civ. No. 3850. Third Appellate District.—March 7, 1930.]

BERNEDETTE E. WEINRICH, Respondent, v. SACRA-MENTO VALLEY SUGAR COMPANY (a Corporation) et al., Appellants.

[Civ. No. 3851. Third Appellate District.—March 7, 1930.]

MERCEDES E. McLAIN et al., Respondents, v. SACRA-MENTO VALLEY SUGAR COMPANY (a Corporation) et al., Appellants.

Len H. Honey and J. Hampton Hoge for Appellants.

H. W. McGowan and R. M. Rankin for Respondents.

JAMISON, J., *pro tem.*—These two cases were actions for damages for injuries inflicted upon respondent, Bernedette E. Weinrich, in case No. 3850, and for damages for the death of the mother of respondents Mercedes E. McLain and Bernedette E. Weinrich in case No. 3851, both caused by the alleged negligence of appellant A. M. Gelston in the operation of an automobile, the said Gelston, at the time of said accident, being an employee of appellant Sacramento Valley Sugar Company and engaged in the performance of his duties as such employee. The two cases were consolidated and tried together. They were tried by a jury, which returned a verdict in favor of the appellants, and judgment was thereupon rendered in their favor. Respondents thereupon filed a motion for a new trial, which motion was by the court granted, and from the order granting the same, appellants have appealed.

In their briefs filed in these cases appellants rely for reversal upon the ground alone that the trial court has lost jurisdiction to hear and pass upon the said motion for a new trial. Appellants base their contention upon the failure of respondents to comply with the requirements of rule XX, subdivision 5, of the rules promulgated by the Judicial Council, as said rule stood from August 1, 1928, to February 1, 1929, at which said last-named date the said rule was amended.

This rule, as it stood before said amendment, was as follows: "Within ten days after a notice of intention to move for a new trial shall have been filed, the party seeking the new trial shall serve and file a memorandum of points and

authorities relied upon, and within ten days thereafter the adverse party shall serve and file a corresponding memorandum in reply thereto. Said motion for a new trial shall be set for hearing not later than fifty days after service of notice of the entry of said judgment."

The notice of intention to move for a new trial in these cases was filed on November 14, 1928, and the said motion came on for hearing before the court on December 3, 1928. No memorandum of the points and authorities relied upon by respondents had, up to said last-named date, been filed by them as required by said rule. At the said hearing on December 3, 1928, respondents asked permission of the court to file the said points and authorities, and, over the objection of appellants that the court had lost jurisdiction to proceed with the hearing of said motion, it permitted this to be done. Arguments were then had on said motion, defendants reserving their said objection to said hearing, and on December 17, 1928, the court made its order granting said motion.

We are of the opinion that the recent cases of *Bellew* v. *Bellew*, 206 Cal. 769 [276 Pac. 573], and *Melvin* v. *Carl*, 206 Cal. 772 [276 Pac. 574], have settled the question involved here adversely to appellants' contention. In the first of these cases, in passing upon the effect of noncompliance with the requirement of subdivision 5 of rule XX, that points and authorities had not been filed within ten days after filing notice of intention to move for a new trial, the court said: "We think the existence of the rule and the noncompliance with the requirements thereof as shown did not have the effect contended for by respondent. Under the rule in force at the time no penalty was prescribed for its violation, and its provisions must be deemed to have been directory only. As amended (rule XIX, subd. 4, effective February 1, 1929), the rule provides as a penalty for the violation an abandonment by implication of the right to argue the motion."

In the latter of the two cases hereinbefore cited, the Supreme Court in effect again declared that the requirements of rule XX, subdivision 5, were not mandatory, but directory only.

The trial court offered to afford appellants time and opportunity to file points and authorities in reply to those it

permitted respondents to file, and while it does not appear that appellants took advantage of this offer, yet it does appear, from the order of the court granting the motion, that on December 3, 1928, the said motion was fully presented and argued. Under these circumstances we fail to see wherein any of the substantial rights of the appellants were affected or prejudiced by the action of the trial court in permitting the points and authorities of respondents to be filed after the expiration of the ten days following the notice of intention to move for new trials.

Respondents' motion for new trials was made upon four of the statutory grounds, including insufficiency of the evidence to justify the verdict, and in its order granting the same the court gives as one of its reasons for so doing insufficiency of the evidence to sustain the verdict of the jury.

An examination of the evidence set forth in the transcript discloses a conflict in the evidence, and will also show that there is substantial evidence to support the allegations of the complaint in each of said cases to the effect that appellant Gelston was negligent in the operation of the automobile at the time of the accident that inflicted the alleged injuries upon respondent Weinrich and caused the death of respondents' mother; that such negligence was the proximate cause of such injuries and death and that respondents were thereby damaged.

Such being the case, this court cannot say that there was any abuse of discretion by the trial court in granting said motion.

It is the well-settled rule that even though there is a substantial conflict in the evidence the trial court will not be deemed to have abused its discretion when it has determined that the verdict is against the weight of the evidence and that there should be a new trial; and its order in that respect is conclusive on appeal in the absence of abuse of discretion. (*Gordon* v. *Bennell*, 162 Cal. 506 [123 Pac. 288]; *Taylor* v. *Volfi*, 86 Cal. App. 244 [260 Pac. 927]; *Beckley* v. *Harris*, 84 Cal. App. 557 [258 Pac. 428].)

The order is affirmed.

Finch, P. J., and Thompson (R. L.), J., concurred.